## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| KEITH EUGENE WASHINGTON, | Case No. 21-CV-921 (MJD/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| JEFF TITUS, | |
| Defendant. | |

This matter comes before the Court on Petitioner Keith Eugene Washington's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), ECF No. 1, and "Petitioner's Request Permission to File a Second Habeas Petition" ("Request"), ECF No. 4. For the reasons discussed below, the Court recommends dismissing the Petition without prejudice and denying the Request.

After an April 2016 trial, a jury convicted Washington of various violations of Minnesota criminal law: two counts of first-degree criminal sexual conduct, Minn. Stat. § 609.342, subds. 1(e)(i)–(ii); two counts of second-degree criminal sexual conduct, *id.* § 609.343, subds. 1(e)(i)–(ii); one count of first-degree aggravated robbery, *id.* § 609.245, subd. 1; and one count of first-degree assault, *id.* § 609.221, subd. 1. *See* Register of Actions, *State v. Washington*, No. 27-CR-15-34366 (Minn. Dist. Ct.) ("State-Court Docket").[1] The trial court later sentenced Washington to life imprisonment. *See id.* On

---

[1] The State-Court Docket is publicly accessible online, and this Court may take judicial notice of public court records. *See, e.g.*, *Amen El v. Schnell*, No. 20-CV-1327 (DSD/ECW), 2021 WL 509280, at *4 (D. Minn. Feb. 11, 2021), *report and recommendation adopted*, 2021 WL 880679 (D. Minn. Mar. 9, 2021).

direct appeal, the Minnesota Court of Appeals affirmed Washington's convictions, but remanded the case to the trial court for resentencing. *See State v. Washington*, No. A16-1192, 2017 WL 1842830, at *5 (Minn. Ct. App. May 8, 2017).

Since his resentencing (to 237 months imprisonment), Washington has filed two petitions for postconviction relief in state court. *See generally* State-Court Docket. Critically, Washington also filed a first § 2254 petition in this District in May 2019. *See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Custody by a Person in State Custody, *Washington v. Smith*, No. 17-CV-5054 (DWF/SER) (D. Minn. Nov. 8, 2017). That petition was denied in an order dated July 17, 2018. *See Washington v. Smith*, No. 17-CV-5054 (DWF/SER), 2018 WL 3448354, at *1 (D. Minn. July 17, 2018).

Like Washington's earlier § 2254 petition, the present Petition challenges the validity of his April 2016 convictions. *See* Pet. 1. He raises four grounds: (1) ineffective assistance of trial counsel; (2) bias by the trial-court judge; (3) bias within the jury; and (4) admission of constitutionally impermissible evidence. *See id.* at 6–11. In the Request, Washington notes his prior § 2254 petition, and asks this Court to permit him to file a second § 2254 petition. *See generally* Req.

This Court lacks jurisdiction to consider the Petition. Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The current Petition is plainly second or successive; it challenges the same convictions challenged in Washington's earlier § 2254 petition. *Cf. Magwood v. Patterson*, 561 U.S. 320, 332–33

2

(2010) ("[T]he phrase 'second or successive' must be interpreted with respect to the judgment challenged."). Without authorization from the U.S. Court of Appeals for the Eighth Circuit, this Court cannot adjudicate the Petition's merits.[2]

The next question is whether the Court should dismiss the Petition or transfer it to the Eighth Circuit—that is, for it to consider whether to authorize the Petition under § 2244(b)(3)(A). This Court recommends dismissal. The Petition's claims do not fit any of the criteria for authorization set forth in § 2244(b)(2): they are not based upon a new constitutional-law rule; there is no obvious reason why Washington could not have discovered "the factual predicate for the claim[s]" long ago; and the facts asserted are not "sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder would have found [Washington] guilty of the underlying offense." Given these points, the Court does not believe that the Eighth Circuit would authorize the Petition, so the Court recommends dismissing the Petition instead of transferring it.[3]

Finally, a § 2254 petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A court may not grant a COA unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim"—as here— "a COA

---

[2] Because this Court cannot provide such authorization, the Court recommends denying Washington's Request to the extent he seeks this Court's permission to file a second § 2254 petition concerning his April 2016 convictions.
[3] Washington is, however, free to seek authorization from the Eighth Circuit himself, notwithstanding this Court's recommendation.

3

should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, it is highly unlikely that any other court, including the Eighth Circuit, would treat the Petition differently than this Court is treating it here.  The Court therefore recommends not granting a COA in this matter.

[Continued on next page.]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. The "Petitioner's Request Permission to File a Second Habeas Petition," ECF No. 4, be **DENIED**.

3. No certificate of appealability be issued.


Date: April __13__, 2021                     _____*s/ Tony N. Leung*_____
                                             Tony N. Leung
                                             United States Magistrate Judge
                                             District of Minnesota

                                             *Washington v. Titus*
                                             Case No. 21-CV-921 (MJD/TNL)


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).